NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3210

TRAVIS HULL,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Tiffany L. Malin, Minahan & Muther, P.C., of Denver, Colorado, for petitioner.

Hilliary A. Stern, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Arbitrator's decision

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3210

TRAVIS HULL,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Petition for review of an arbitrator's decision by Gary L. Axon.

_____

DECIDED: May 7, 2010

_____

Before RADER, GAJARSA, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Travis Hull, petitioner, appeals the decision of Arbitrator Gary L. Axon sustaining the decision of the Department of the Air Force (the "Agency") to remove him from federal service. On appeal, Hull has raised only one issue: whether the Arbitrator erred in sustaining the Agency's removal of Hull despite an <u>ex parte</u> communication by the deciding official. For the reasons noted, we <u>affirm</u>.

## BACKGROUND

Prior to his removal, Hull was employed as a boiler room operator at Hill Air Force Base, Utah. The incident that led to Hull's removal took place on January 30, 2008, when a co-worker, Randy Wolf, was called in to repair the boilers. When Wolf

began working on the boilers, he took out a cigarette and lit it. Hull told Wolf that he could not smoke in the boiler plant, and the two had a brief verbal exchange. Hull and Wolf give conflicting stories of what transpired next, but both agree that Hull ultimately pushed Wolf backwards into a stationary ladder. As a result, Wolf bruised his ribs and muscles and consequently missed sixty-three hours of work.

Wolf reported the incident to management officials and the United States Air Force Security Police conducted an investigation. On February 27, 2008, the Agency issued Hull a Notice of Proposed Removal based on offenses of: (1) disruption in the work place, (2) disregard of directives, and (3) conduct unbecoming of a federal employee. The Agency issued a final Decision to Remove on April 25, 2008, citing the same offenses recorded in the Notice of Proposed Removal. On March 12, 2008, the deciding official conducted an ex parte communication with Wolf, of which Hull was not notified.

As an employee covered by a labor union agreement, Hull had the option to either appeal his removal to the Merit Systems Protection Board ("MSPB") or to follow the negotiated arbitration procedure in his labor agreement. 5 U.S.C. § 7121(d) (2006). Hull chose the latter, and a hearing was held before the Arbitrator where both parties were able to present evidence and arguments in support of their positions. It was during the arbitration hearing that Hull first learned of the deciding official's ex parte communication. The Arbitrator, however, found that no new and material facts were elicited during the ex parte communication, and therefore Hull was not deprived of his due process rights. The Arbitrator affirmed the decision of the Agency to remove Hull

based on the reasons cited in the Decision to Remove and Notice of Proposed Removal. Hull now appeals the Arbitrator's decision to this court.

DISCUSSION

This court has jurisdiction over the appeal pursuant to 5 U.S.C. §§ 7121(f) and 7703. We review an arbitrator's decision as if the matter had been decided by the MSPB. 5 U.S.C. § 7121(f); Zingg v. Dep't of the Treasury, 388 F.3d 839, 842 (Fed. Cir. 2004). Thus, we may reverse an arbitrator's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The only issue Hull raises on appeal is whether the deciding official violated Hull's Fifth Amendment due process rights when the deciding official conducted an ex parte communication of which Hull was not informed. This court has held that "[t]he introduction of new and material information by means of ex parte communications to the deciding official undermines the public employee's constitutional due process guarantee of notice (both of the charges and of the employer's evidence) and the opportunity to respond." Stone v. Fed. Deposit Ins. Corp., 179 F.3d 1368, 1376 (Fed. Cir. 1999). We emphasized, however, that not every ex parte communication violates due process; rather only ex parte communications providing "new and material information" violate the due process guarantee of notice. Id. at 1376–77.

As the arbitrator correctly found, the deciding official's ex parte communications provided no "new and material information." Hull points to statements Wolf made during the ex parte communication that he "would not work in a boiler plant with Mr. Hull unless

2009-3210                                    3

escorted" as the only new, non-cumulative information.  However, the Arbitrator properly found that these statements were not material because the Notice of Proposed Removal and the Decision to Remove cite only Hull's disruption in the work place, disregard for directives, and conduct unbecoming a federal employee.  There is nothing in either notice that suggests the deciding official's decision was based on Wolf's unwillingness to work with Hull.

This court finds that the Arbitrator's decision was not arbitrary or capricious, but rather is supported by substantial evidence.  We therefore affirm.

No costs.